## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| BRIAN J. CASEY and<br>SHERYL A. CASEY,<br><br>     Plaintiffs,<br><br>  v.<br><br>LITTON LOAN SERVICING LP,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant Litton Loan Servicing LP ("Litton"), by counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332(a) and (d), 1441, 1446, and 1453 of the removal of the above-captioned case from the Circuit Court for Baltimore City, Maryland (the "state court") to the United States District Court for the District of Maryland.  As grounds for removal, Litton states as follows:

## BACKGROUND

1.     On or about February 17, 2011, Plaintiffs Brian and Sheryl Casey ("plaintiffs") filed a putative class action complaint ("Complaint") against Litton in the state court under the name and style Brian J. Casey and Sheryl A. Casey v. Litton Loan Servicing LP, Case Number 24-C-11-001067 (the "state court action").  A copy of the Complaint in the state court action is attached as Exhibit A.  The Complaint alleges common law breach of contract and violation of Maryland's consumer protection laws.  See Complaint ¶¶ 78-132.

2.     The Complaint describes a putative class consisting of "all Maryland residents who were an owner-occupant of residential property in the State of Maryland subject to a

foreclosure action docketed by Howard Bierman, Jacob Geesing, or Carrie Ward on behalf of Litton Loan Servicing LP and during the foreclosure proceeding, Howard Bierman, Jacob Geesing, or Carrie Ward supported the foreclosure action through the filing of one or more bogus documents." Complaint ¶ 63. Plaintiffs allege that the putative class described in the Complaint "encompasses more than 100 individuals." Complaint ¶ 65.

3.      Plaintiffs served a copy of the Summons and Complaint on Litton on or about February 24, 2011.

4.      A copy of the Summons that Litton received is attached hereto as Exhibit B.

## BASES FOR SUBJECT MATTER JURISDICTION

5.      The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court because, as more fully set forth below:

(a)     the putative class described in the Complaint consists of at least 100 proposed class members; the citizenship of at least one putative class member is different from that of removing defendants; and the aggregate amount placed in controversy by the claims of plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs, such that removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"); and

(b)     there is complete diversity of citizenship between the parties and the amount placed in controversy by plaintiff's individual claims exceeds $75,000 exclusive of costs and interest, such that removal is proper under 28 U.S.C. § 1332(a).

### Subject Matter Jurisdiction Under CAFA, 28 U.S.C. § 1332(d)

6.      The Court has original jurisdiction over this action pursuant to CAFA.

7.      CAFA vests federal district courts with jurisdiction over civil class actions in which (1) any member of the putative class is a citizen of a state different from any defendant,

(2) the number of proposed class members is 100 or more, and (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.   See 28 U.S.C. §§ 1332(d)(2), (d)(5).  This case meets all three of these requirements.

8.   According to the Complaint, plaintiffs are "residents of the State of Maryland" and reside in the City of Baltimore.  See Complaint ¶¶ 9; 23.  Accordingly, plaintiffs are citizens of the State of Maryland for purposes of diversity of citizenship.

9.   Litton is a Delaware limited partnership with its principal place of business in Houston, Texas.  See Complaint ¶ 10.  For purposes of establishing minimal diversity under CAFA, 28 U.S.C. § 1332(d) states that "an unincorporated association" such as Litton "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); see also Geismann v. Aestheticare, LLC, No. 07-2575-KHV, 2008 WL 961272, at *5 (D. Kan., April 9, 2008) (noting that CAFA "changes the rules governing unincorporated associations" in that a limited partnership "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").  For purposes of establishing minimal diversity under CAFA, Litton is a citizen of a state other than the State of Maryland.  See id.

10.  The putative class described in the Complaint "encompasses more than 100 individuals."  Complaint ¶ 65.

11.  Plaintiffs also seek compensatory damages in excess of $5,000,000 for themselves and the members of the putative class, as well as treble damages for their alleged claim under the Maryland Mortgage Fraud Act exclusive of to attorney's fees and costs.  See Complaint, Prayers for Relief at pages 22, 23, 26, 30, 31, 35, 36.  The amount in controversy therefore exceeds the CAFA jurisdictional threshold of $5,000,000 in the aggregate, exclusive of interest and costs.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(1) and 1441(a) because the United States District Court for the District of Maryland, Northern Division is the federal judicial district and division embracing the state court in which this action was originally filed.

### Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a)

13.     The Court also has jurisdiction under 28 U.S.C. § 1332(a) because the suit is between parties from different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     As noted above, according to the Complaint, plaintiffs are "residents of the State of Maryland" and reside in the City of Baltimore.  See Complaint ¶¶ 9; 23.  Accordingly, plaintiffs are citizens of the State of Maryland for purposes of diversity of citizenship.

15.     As noted above, Litton is a Delaware limited partnership with its principal place of business in Houston, Texas.  For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), the citizenship of an unincorporated entity, such as a limited partnership, is determined by the citizenship of each of its partners.  Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990) (holding that, for the purpose of diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of each of the partners).  None of the partners of Litton, either limited or general, is incorporated in, has a principal place of business in or is domiciled in the State of Maryland, but each is a citizen of a state other than the State of Maryland.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, Litton is a citizen of a state other than the State of Maryland.

16.     In addition to seeking damages in excess of $5,000,000 in each of their putative class claims, the named plaintiffs seek, individually, compensatory damages "of no less than

$200,000" for each of their individual claims under the Maryland Consumer Protection Act, the Maryland Consumer Debt Collection Act, the Maryland Mortgage Fraud Protection Act, and for the alleged breach of contract claim. <u>See</u> Complaint, Prayers for Relief at pages 22, 23, 26, 30, 31, 35, 36. In all, the named plaintiffs seek "no less than" $800,000 in compensatory damages for their individual claims alone. <u>See</u> <u>id.</u> The amount in controversy for the named plaintiff's individual claims, therefore, exceeds $75,000 in the aggregate, exclusive of interest and costs.

17.    Because the amount in controversy is satisfied as to the named plaintiffs, the Court may exercise supplemental jurisdiction over the claims of any class member regardless of whether the individual value of any putative class member's individual claims exceeds $75,000. <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546, 559 (2005).

## PROCEDURAL COMPLIANCE

18.    Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." <u>See</u> <u>also</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 356 (1999) (deadline to remove runs from the date on which the defendant is first served with a copy of the summons and complaint). In this case, Litton was served with the Summons and a copy of the Complaint on or about February 24, 2011. <u>See</u> Exhibit B. This Notice of Removal is being filed with the Court on March 25, 2011, <i>i.e.</i>, within 30 days after Litton was served with the Complaint.

19.    Attached to this Notice of Removal as Exhibit A is a copy of Plaintiffs' Complaint, along with the exhibits accompanying the Complaint. Attached as Exhibit B to this Notice of Removal is Plaintiffs' Writ of Summons to Litton. The Complaint, exhibits, and Writ of Summons are the only "process, pleadings or orders" received by Litton in this action to date.

See 28 U.S.C. § 1446(a).

20.     Litton is serving upon plaintiffs' counsel contemporaneously with this filing a copy of this Notice of Removal.

21.     No other defendants have been named in this action.

22.     Litton will also file with the Clerk for the state court a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

23.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to CAFA, 28 U.S.C. § 1332(d) and pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is properly removed to this Court.

24.     In removing this action to federal court, Litton expressly reserves, and does not waive, any and all rights and defenses that it has or may have.

WHEREFORE, Defendant Litton hereby gives notice that the state court action is removed to this Court.

Respectfully submitted,

March 25, 2011

/s/ Daniel J. Tobin
Daniel J. Tobin (Bar No. 10338)
Hillary G. Benson (Bar No. 17254)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, MD  20814-3401
Telephone:  (301) 664-6200
Facsimile:  (301) 664-6299
tobindj@ballardspahr.com
bensonh@ballardspahr.com

*Of Counsel (pro hac vice motions to be filed):*
R. Bruce Allensworth
Brian M. Forbes
Gregory N. Blase
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
bruce.allensworth@klgates.com
brian.m.forbes@klgates.com
gregory.blase@klgates.com

*Attorneys for Litton Loan Servicing, LP*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of March, 2011, I caused a true and correct copy of the foregoing Notice of Removal to be delivered via first-class mail, postage prepaid, upon the following:

Phillip Robinson
Anthony DePastina
Civil Justice Inc.
520 W. Fayette Street, Suite 410
Baltimore, MD 21201

*Counsel for Plaintiffs*

/s/ Daniel J. Tobin
Daniel J. Tobin